**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-2201**

_____

MICHAEL D. HARWLEY,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Robert Stewart Ballou, Magistrate Judge. (6:16-cv-00032-RSB)

_____

Submitted: February 28, 2018                Decided: March 16, 2018

_____

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael D. Harwley, Appellant Pro Se. Heather Benderson, Evelyn Rose Marie Protano, Theresa Ann Casey, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael D. Harwley appeals the magistrate judge's order upholding the Administrative Law Judge's (ALJ) denial of Harwley's applications for disability insurance benefits and supplemental security income and the magistrate judge's order denying Harwley's Fed. R. Civ. P. 59(e) motion.[1] "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

---

[1] The parties consented to a final disposition by the magistrate judge pursuant to 28 U.S.C. § 636(c) (2012).

2

We have reviewed the record and perceive no reversible error.  The ALJ applied the correct legal standards in evaluating Harwley's claims for benefits, and the ALJ's factual findings are supported by substantial evidence.  Accordingly, we grant leave to proceed in forma pauperis and affirm the orders upholding the denial of benefits and denying Rule 59(e) relief.  *See Harwley v. Comm'r of Soc. Sec. Admin.*, No. 6:16-cv-00032-RSB (W.D. Va. Sept. 26, 2017; Oct. 5, 2017).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.[2]

*AFFIRMED*

---

[2] For this reason, we deny Harwley's motion to participate in oral argument.